Ryan v. Miller.

James Ryan, T. Hickey and A. J. Penartz v. Otto Miller, Surviving Partner of Herman Elshoff, Deceased, Late Partners as Elshoff & Miller.

1. MEASURE OF DAMAGES—*Part Performance of Contract.*—The measure of damages where one engaged in the performance of a contract is wrongfully prevented by the employer from completing it, is the difference between the price agreed to be paid and what it would have cost to complete it.

2. BURDEN OF PROOF—*Recovery for Part Performance.*—In an action brought by a builder for a breach of a building contract, the plaintiff, after having proven the contract, its breach and the difference between the contract price and the cost to perform the work, may rest. His recovery, so far as it rests upon loss of wages, may, however, be reduced by the defendant, by showing that the plaintiff did earn or could have earned wages at similar employment had he diligently endeavored to secure the same, and the defendant may also obtain a deduction by showing that the construction of the building involved care, risk and responsibility, and that the money value thereof can be estimated from evidence produced.

Memorandum.—Assumpsit on a building contract. Appeal from the Circuit Court of Sangamon County; the Hon. JESSE J. PHILLIPS, Judge, presiding. Heard in this court at the May term, 1893, and affirmed. Opinion filed December 22, 1893.

The opinion states the case.

APPELLANTS' BRIEF, LEVI DAVIS, JR., AND BROWN, WHEELER & BROWN, ATTORNEYS.

Appellants contended that the rule as announced by the courts and embodied in the first proposition of law (see opinion) asked by them in the court below, is founded upon reason, and should have been marked " *Held.*"

In support of this they cite the following cases : Masterson v. Mayor of Brooklyn, 7 Hill (N. Y.), 71; United States v. Speed, 8 Wall. (U. S.) 77; United States v. Behan, 110 U. S. 338; Insley v. Shepard, 31 Fed. Rep. 869.

APPELLEE'S BRIEF, CONKLING & GROUT, ATTORNEYS.

As much force should be given to the finding of the court as the verdict of a jury.   Cook v. Thayer, 11 Ill. 617;  Wood

v. Price, 46 Ill. 435; Field v. C. & R. I. R. R. Co., 71 Ill. 461.

Propositions of law, like instructions, should be pertinent to the proofs, and when not warranted by proof should be refused. Wadhams v. Swan, 109 Ill. 55.

To secure any deduction for time saved by appellee, appellant must produce evidence; without evidence this is *prima facie* against appellant. Brown v. Board of Education, 29 Ill. App. 572; School Dist. No. 4 v. Stilley, 36 Ill. App. 133; Howard v. Daly, 61 N. Y. 362; Costigan v. Mohawk and H. R. R. Co., 2 Denio, 609; Oldham v. Kerchner, 28 Am. Rep. 308 and note.

MR. PRESIDING JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

In September, 1891, the firm of which the appellee is the surviving member, entered into a contract with the appellants to furnish material and perform the work necessary to the construction and completion of a residence for the Right Rev. James Ryan, bishop of Alton, according to plans and specifications agreed upon by the contracting parties, for the sum of $25,964. The appellee firm entered into subcontracts with several parties for material to be used in the building, caused necessary excavations to be made, put in sewers and connections with the water mains, and made preparations toward the further performance of the contract upon their part, when the appellants, without any sufficient cause or reason attributable to the appellee, directed the appellee to stop the work and refused to proceed further in the construction of the house. This was an action by the appellee, Miller, as surviving member of the firm, to recover damages for such breach of the contract.

Trial of the cause had by consent before the court without a jury, resulted in a judgment against the appellants in the sum of $2,657, to reverse which this appeal is before us. The appellants, before the beginning of the action, recompensed the appellee firm for all work actually done, and reimbursed them for all outlays, except, perhaps, as to

Ryan v. Miller.

an item of $60, paid by the appellee for a vault door. The claim of the appellee for damages consisted of loss of anticipated profits, which they alleged would have accrued to them from the performance of the work under the terms and conditions of the contract. As to such profits much evidence *pro et con* was submitted to the trial judge. Counsel for the parties have filed exhaustive briefs and arguments in support of the views respectively entertained by them as to the weight and value of such evidence and the facts established or refuted thereby. We have attentively read and considered all that counsel have said in the briefs and arguments, and have carefully consulted the testimony as presented in the abstract and preserved in the record. The evidence consists largely of the estimates of witnesses as to the amount, quality and value of the different kinds of material necessary to be used in the construction of such a building as that described in the plans and specifications, and also as to the cost of erecting and completing the proposed house, and the profits that would have been realized by the appellee had they been allowed to proceed with the work. The evidence is conflicting. In its nature it could hardly be otherwise.

The opportunity accorded the trial judge of seeing and hearing the witnesses, not only enabled him to determine better than can we as to their credibility, but gave him superior advantages in deciding from their personal appearance and their manner and deportment, as to the soundness of their judgment, their mental strength and consequent ability to rightly consider and comprehend all the elements of fact that necessarily entered into the estimates and conclusions which constituted so largely the testimony in the case.

Upon well settled principles we are not warranted in saying that the trial court erred in its judgment as to the facts established by the evidence. We have examined the complaints that the court erroneously admitted in evidence p. 177 of Vredenburg's estimate book, and refused to permit the witness Thos. White to give an opinion as to the certainty

with which any calculation of profit upon a common piece of work could be made. The page of the book was properly admissible in connection with the testimony of the witness Vredenburg. The witness White testified at length to facts and circumstances within his knowledge as a competent and experienced brick mason and contractor, much of which tended to show and was competent only for the purpose of showing that all calculations as to the possible profits upon such work were necessarily and in their nature uncertain. The question propounded to him called for his opinion in view of all that he testified to, and was for that reason not material, it being the province of the court to draw the conclusions that ought to arise from his testimony.

The appellants urge that the court entertained an erroneous opinion as to the rule of law applicable to one branch of their contention. They asked and the court refused to hold the following proposition of law:

" 1st. The measure of damages in this case is the difference between the cost of doing the work and furnishing the material, and what the plaintiffs were to receive therefor, making a reasonable deduction for the less time the plaintiffs were engaged, by reason of the defendants refusing to allow them to complete the contract, and also a reasonable deduction for the release of the plaintiffs from the care, trouble, risk and responsibility attending a full execution of the contract."

We do not understand that the proposition states the rule correctly. The measure of damages, where one engaged in the performance of a contract is wrongfully prevented by the employer from completing it, is the difference between the price agreed to be paid and what it would have cost to complete it. 2 Sedgwick on Damages, Sec. 618.

The plaintiff, after having proven the contract, its breach, and the difference between the contract price and the cost to perform the work, may rest. His recovery, so far as it rests upon loss of wages, may, however, be reduced by the defendant by showing that the plaintiff did earn or could have earned wages at similar employment had he diligently

endeavored to secure such work, and in cases such as the one at bar the defendant might obtain a deduction by showing that the construction of the building involved care, risk and responsibility, and that the money value thereof can be estimated from evidence produced.

The appellants introduced no proof tending to show that such contractors did or could have otherwise employed their time, or what compensation they did or might have received or obtained during the time they were released from engaging in the work contracted to be done.

Nor is there any proof from which an estimate could be made of the amount that ought to be allowed as a deduction because of the release of the appellees from the risk and responsibility that would have attended the execution of the contract. The court could not act as to such reductions upon mere presumption, but only upon proof.

The alleged matters proper to be considered in reduction of damages do not affect the right of action but go only in reduction of damages.

Hence, the burden of proving them is upon the defendant. 2 Sedgwick on Damages, Sec. 667; Oldham v. Kerchner, 28 Am. Rep. 308, and authorities collated in note to the case; Costigan v. M. H. R. R. Co., 2 Denio, 609. The proposition submitted to the court was open to the objection that it imposed the burden of proof improperly upon the appellee, and moreover there was no proof upon which to rest or apply it. For either of these reasons it might have been properly refused.

Believing that there is no such error in the record as requires the reversal of the judgment, it is affirmed.