# CASES

# APPELLATE COURTS OF ILLINOIS

84 283
s185s172

## THIRD DISTRICT—MAY TERM, 1899.

### John I. Rinaker, Jr., v. Clarkson W. Freeman.

1. MECHANIC'S LIEN—*Architect's Services.*—An architect who performs services as such, for the owner of a lot, in preparing plans and specifications for the erection of a building thereon, is entitled to a lien upon such lot for the amount of his services in preparing such plans and specifications, notwithstanding the owner of the lot abandons the project.

2. SAME—*Effect of Filing a Claim for a Lien.*—The fact that an architect, after preparing plans and specifications for a building, files his claims for a lien before anything is done toward the erection of the building, does not affect his right to the lien given by the statute.

3. SAME—*Stipulated Time of Completion.*—Where the time for the completion of the work is left open in the contract, a reasonable time will be implied, less than the statutory period.

Mechanic's Lien.—Proceedings in the Circuit Court of Sangamon County; the Hon. OWEN P. THOMPSON, Judge, presiding. Hearing and decree dismissing the bill; appeal by complainants. Heard in this court at the May term, 1899. Reversed and remanded with directions. Opinion filed September 20, 1899.

BURKE VANCIL and CONKLING & GROUT, attorneys for appellant.

The mechanic's lien act, no doubt, should be strictly construed, as it has been so held by our Supreme Court, which is binding on this court, yet we do not understand by such holding that the construction should be so illiberal and arti-

ficial as to impair the statute or prevent relief being granted under it freely by the court. A court of high authority has, indeed, held that "the statute giving liens to mechanics for their work and labor is to be liberally construed, so as to afford the security intended." Davis v. Alvord, 94 U. S. 545; Stout et al. v. Sower et al., 22 Ill. App. 65. See also Martin et al. v. Swift, 120 Ill. 488; Phillips on Mechanic's Liens, Sec. 114; Trustees Ger. Luth. Ch. v. Huise, 44 Md. 454; Springer Land Ass'n v. Ford, 168 U. S. 513.

Where a person enters into a contract to complete a piece of work for a stipulated sum and is prevented from fulfilling it by the default of the party for whom the work is to be performed, he is excused from completing the performance, and may recover *pro tanto* at the contract price. Demme & Dierkes Furniture Co. v. McCabe, 49 Ill. App. 453; Wolf v. Schlacks, 67 Ill. App. 117; Wilson v. Bauman, 80 Ill. 493; Sutherland on Damages (1st Ed.), 521.

Where owner fails to perform his part contractor has lien for part performance. Berndt et al v. Armknecht et al., 50 Ill. App. 467.

Where no time is expressed in a written contract for the performance of its terms the law will imply that it shall be within a reasonable time. The statute (1874) gives a mechanic's lien under a contract which fails to express any time for performance, and is therefore to be performed within a reasonable time, if the work is completed within one year from the commencement of the same, and interest is allowable on the sum found under the contract. Driver v. Ford, 90 Ill. 595. See also Reed et al. v. Boyd et al., 84 Ill. 66; Grundeis v. Hartwell, 90 Ill. 324; Younger et al. v. Louks, 7 Ill. App. 280; Clark et al. v. Manning et al., 90 Ill. 380; Kankakee Coal Co. et al. v. Crane Bros. Mfg. Co., 28 Ill. App. 371; Portones v. Badenoch, Jr., et al., 132 Ill. 377; Portones v. Holmes, 33 Ill. App. 312; Lehman v. Clark et al., 33 Ill. App. 33; Levison v. Malloy, 64 Ill. App. 425.

Robert H. Patton and Patton, Hamilton & Patton, attorneys for appellee, contended that there can be no

mechanic's lien decreed in this case because the contract upon which appellant relies makes fees to architect payable only in case of the actual construction of the building, and the ascertainment of the cost of the building; and because there was no agreement, either verbal or written, as to the time within which the building was to be completed and the money paid.   Unless the contract, if verbal, fixed the time within one year, or if written, within three years, there can be no mechanic's lien decreed. R. S. Ill., Ch. 82, Sec. 6; Adler v. W. P. Ex. Co., 126 Ill. 377; Belanger et al. v. Hersey et al., 90 Ill. 71; Cook v. Heald et al., 21 Ill. 425; Cook et al. v. Vreeland, 21 Ill. 431; Cook et al. v. Rofinot et al., 21 Ill. 437; Senior v. Brebnor, 22 Ill. 252; Phillips v. Stone et al., 25 Ill. 77; Columbus Machine Mfg. Co. v. Dorwin et al., 25 Ill. 169; Scott et al. v. Keeling, 25 Ill. 358; Brady v. Anderson et al., 24 Ill. 110; Burkhart et al. v. Resig, 24 Ill. 530; McClurken et al. v. Logan et al., 23 Ill. 80; Coburn v. Taylor, 41 Ill. 355; Kinzey et al. v. Thomas, 28 Ill. 504; Boisot on Mechanics' Liens, Sec. 72.

There having been no improvement made upon the property in this case, there can be no lien.   Hunter et al. v. Blanchard, 18 Ill. 322; Horr v. Slavik, 35 Ill. App. 141; Compound Lumber Co. v. Murphy, 169 Ill. 345; Foster v. Tierney, 91 Iowa, 253 (51 Am. St. Rep. 343).

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

Appellant filed his petition in chancery against appellee to enforce a mechanic's lien for his services as architect in and about a proposed hotel, intended to be built on the premises of appellee in the city of Springfield.   For some months the parties had been considering plans for the same, prepared and several times altered by appellant at the request of appellee, when the following instrument was executed—

"SPRINGFIELD, ILL., Dec. 19, 1895.
It is hereby agreed between C. W. Freeman, of Springfield, Illinois, and John I. Rinaker, Jr., of Springfield, that

said J. I. Rinaker, Jr., shall prepare plans and specifications for hotel building for said C. W. Freeman on his lot 80 x 157, cor. 4th and Jefferson sts., city, for a compensation of 2½ per cent, and shall superintend the construction thereof for a compensation of 2 per cent on the cost of the building, amounts payable to be paid by said C. W. Freeman as the work progresses.

(Signed)      C. W. FREEMAN."

—upon which the claim for a lien is based.

After the contract the appellant prepared other plans and specifications which, it appears, were acceptable to appellee, who set about letting a contract thereon for the construction of the same, finding the lowest amount for which he could procure the building $135,000, after having received and rejected bids, the lowest of which was $145,000, and upon which he proposed to expend only $125,000. Appellant offered to change the plans and specifications to reduce the cost to that figure; and, with the assent of appellee, prepared to do so. On April 6, 1896, proceedings were instituted for the incorporation of " Freeman's Fire Proof Hotel Company," with appellant, appellee and others as stockholders, and thereupon the same was duly incorporated and a transfer to the company of the site of the proposed hotel was about to be made by Freeman, when, on May 4, 1896, appellant filed his claim for mechanic's lien.

Immediately upon the filing of this claim, and for that reason, Freeman, in effect, discharged appellant and abandoned the hotel project; and in his answer to the petition alleges the act of filing the claim to be unlawful and fraudulent, and makes that act the foundation of the contention in this case, and a justification of his subsequent dealings with appellant.

A master in chancery reported favorable to appellant, granting the right to a lien for $3,125, being two and one half per cent of the $125,000, for preparing the plans and specifications, but denying the claim for a lien as to the two per cent for superintendence. On the final hearing the court sustained exceptions to such report, and rendered a decree dismissing the bill; from which decree this appeal is taken.

Certain plans, called details, showing the exact dimensions and construction of the separate portions of the work were not made by appellant. It is shown that such details are not made use of and are not practicable until the general plans are settled and work on them ready to be done.

Appellant's claim for damages on account of the fees for superintendence of the construction of the building is premature.

For until it is actually under construction, and he has had an opportunity to superintend, and then is damaged by the refusal of appellee to permit him to perform that service, it can not be said that appellee is liable, which is an elementary principle. Ryan v. Miller, 52 Ill. App. 191.

It is apparent, and it is not denied, that generally speaking, appellant would be entitled to a lien for the amount of his services in preparing plans under the contract had the building been constructed. At the time he was discharged he had substantially performed his contract in regard to the plans. It is insisted against this fact that he had guaranteed the cost of the building, as planned, not to exceed $125,000, and that his guaranty had failed. But it does not appear that he bound himself by any such consideration, or that he was requested, or that it was his duty to do so. It is also contended that appellant is deprived of his lien by his agreement to take $3,000 of his fees in stock of the corporation. That question does not arise, for no certificate was ever issued to him upon it to call for such an application. Until some consideration had moved for this agreement it could not be enforced.

However, it is urged that no time being fixed for the completion of the contract and payment, appellant is therefore deprived of his lien. The statute in relation thereto provides that no lien shall be had on a written contract if the time stipulated for completion of the work is beyond three years from the date of the contract, or if the time of payment is beyond one year from the stipulated time of completion. Where those matters are left open in the contract a reasonable time will be implied, less than the statu-

tory period.   So, in this case, it can not be held that simply
because no time was fixed that therefore the law implies a
time in excess of the statutory limitation, and thereby
destroys the remedy.

Appellee is then upon the ground that, on account of
their relation, when appellant filed a claim for lien he acted
unlawfully and gave appellee the right to sever that rela-
tion, and to thereby deprive appellant of the lien claimed.
Rinaker acted in pursuance of the statute, which alone gave
him the remedy he now seeks to enforce.   It may have
inconvenienced appellee to have the claim on file; yet if it
was rightfully there, or if appellant was mistaken as to his
remedy, it can not be said it was wrong or fraudulent to
file it; and for that reason alone, to say that he could bar
the remedy and the lien would be an anomaly.   He could
not thus defeat the remedy by any act adverse to the con-
tract; and the fallacy of appellee's last contention is patent.

Having, then, performed services as architect for appellee
with reference to this proposed improvement; and having
followed the statute, as he supposed, by filing his claim, in
the absence of other lien claimants, he is clearly entitled to
a lien from the date of his contract.   For that portion of
the services concerning the details, which he did not per-
form by reason of his discharge, there should have been an
accounting according to the rule announced in Ryan v.
Miller, *supra*.   The amount found to be due appellant, by
the master's report upon the evidence, seems to be reason-
able; and, with a proper credit to appellee upon that amount
for an acccounting as above mentioned, would have been
satisfactory to this court.

It is ordered that the decree of the Circuit Court be
reversed and the cause remanded, and that upon a final
hearing the Circuit Court enter a decree in conformity with
the views herein expressed.

Decree reversed and remanded, with directions.